IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH COHARA, | ) | CASE NO. 1:07 CV 2447 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Plaintiff, Joseph Cohara's Motion for New Trial. Plaintiff has petitioned the Court, pursuant to Fed. R. Civ. P. 59, for a new trial, alleging that made several errors that substantially impacted his right to obtain a fair, just and adequate trial on the merits of his case. Defendant, CSX Transportation, Inc. ("CSX") opposes the motion. For the reasons set forth below, Plaintiff's motion is DENIED.

## PROCEDURAL HISTORY

Plaintiff brought an action against the Defendant seeking damages under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, for injuries sustained to his right shoulder during the course of his employment. The case was tried to a jury in December of 2008, and the

jury returned a verdict in favor of the Defendant, finding that Plaintiff did not prove by a preponderance of the evidence that CSX had been negligent. The jury did not reach the issues of proximate cause, Plaintiff's negligence, or damages. Judgment was entered in favor of the Defendant, in accordance with the jury's findings.

Plaintiff is now alleging that the Court committed prejudicial error through several of its rulings, thereby substantially impacting his right to a fair, just and adequate trial. The Plaintiff alleges the following errors:

a. The Court erred in failing to sanction CSX for discovery violations;

b. The Court erred in allowing CSX to define its obligations to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, by the provisions of 49 C.F.R. §213, *et seq.*;

c. The Court erred in admitting Defendant's Exhibit SS (Operational Testing of Joseph Cohara) into evidence;

d. The erred in prohibiting Plaintiff from using Plaintiff's Exhibit 38 (Defendant's Blue Hat Program) as evidence; and,

e. The Court erred in precluding Plaintiff from making a claim for lost wages.

Defendants argue that the jury's verdict was not influenced in any material way by any prejudice or error.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59 gives the Court discretionary power to grant a new trial if prejudicial error has materially influenced a jury's verdict and failure to grant a new trial would be inconsistent with substantial justice. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004). The burden of demonstrating prejudice rests with the party seeking a new trial, and the court should indulge all presumptions in favor of upholding the verdict. *See,*

*Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 541 (6th Cir. 1993); *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996). "A court should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Id.* Generally courts have interpreted this to mean that a new trial is warranted only when (1) the verdict is against the weight of the evidence; (2) the damages are excessive; or (3) the trial is unfair to the moving party in some fashion, for example if it is influenced by prejudice or bias. *Holmes v. City of Massillon*, 78 F.3d 1041, 1046 (6th Cir. 1987)(citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 85 L. Ed. 147, 61 S. Ct. 189 (1940); *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983)).

## ANALYSIS

Plaintiff cites five alleged errors as the basis for his motion. Three of these alleged errors centered around the Court's decision to admit or exclude specific evidence at trial. The Sixth Circuit has held that "[n]o error in the admission or exclusion of evidence . . . is ground for disturbing a judgment, unless refusal to take such action appears to the court inconsistent with substantial justice." *Costello v. Lungaro.*, 54 F.3d 776, 1995 U.S. App. LEXIS 10905, *15 (6th Cir. 1995)(citing *Hoag v. City of Detroit*, 185 F.2d 764, 766 (6th Cir. 1950)(citations omitted)). Even if assumed to be in error, none of the Court's decisions on these evidentiary issues affected the legitimacy of the verdict or prevented Plaintiff from fairly seeking a just resolution to his claims.

The Court's failure to sanction CSX for allegedly withholding documents until within 10 days of trial, though it may have inconvenienced the Plaintiff and caused additional work in the days before trial, did not constitute unfair or prejudicial surprise. Plaintiff had ten or more days


to address and account for the new documents. The documents did not raise any new issues, or alter any of the substantive testimony of the witnesses. The documents included personal planners and logs maintained by individual witnesses, which merely corroborated testimony previously known to the Plaintiff through depositions, and photographs of the switch at issue in the case. Further, there has been no argument or evidence proffered that would indicate that Plaintiff would have addressed any of this evidence differently had they known of its existence earlier in the discovery process. Therefore, no prejudice has been established.

Plaintiff also complains that the Court allowed Defendant to present a video as a demonstrative exhibit without providing information about the videos to the Plaintiff before trial. The demonstrative exhibits were offered merely as a demonstration of the principles one of the defense witnesses testified about; were not admitted into evidence; did not introduce any new facts or issues into the case; were disclosed in accordance with the Court's order for exchange of trial exhibits; and did not introduce prejudice or bias into the proceedings. Plaintiff has not argued that the videos were improper as a demonstrative exhibit, only that they should have been disclosed earlier. However, once again, Plaintiff has failed to offer any explanation of how an earlier disclosure of this exhibit would have altered Plaintiff's handling of the case, or how it could have altered the jury's verdict.

Similar deficiencies exist in Plaintiffs arguments relating to the allowance of Defendant's Exhibit SS (Operational Testing of Joseph Cohara) and the Court's exclusion of Plaintiff's Exhibit No. 38 (Defendant's Blue Hat Program). Plaintiff has failed to articulate how different ruling on the admissibility of these exhibits would have materially changed the outcome of the trial. The CSX operational testing results for tests conducted on the Plaintiff prior to his injury

were admitted to rebut arguments made by the Plaintiff about the nature of CSX testing. The pre-injury tests were relevant to show Plaintiff's operational capacity prior to the injury as compared to his post-injury capabilities. They were also relevant to refute his allegation that he was unfairly targeted for post-injury testing. These exhibits bolstered testimony provided by defense witnesses and were not unduly prejudicial.

The exclusion of Plaintiff's Exhibit No. 38 (The Blue Hat Program Video) also had no substantive effect on the jury's verdict. The Court excluded the exhibit because it was not properly authenticated at trial. Further, the Plaintiff failed to establish its relevancy at the time of trial. As it was not established to be relevant, it is difficult to imagine how it could have properly had any influence on the ultimate outcome of the trial. Further, much of the information in the video would have been cumulative and/or was available through direct witness testimony or other means. Various witnesses testified to some aspects of the Blue Hat Program, and Plaintiff had the opportunity to question them further on other aspects had he chosen to do so. There has been no demonstration of error in the exclusion of this evidence, nor has there been any showing that the exclusion, even if in error, had any substantive effect on the jury's verdict.

Plaintiff also argues that the Court erred in allowing CSX to define its obligations to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, by the provisions of 49 C.F.R. §213, *et seq.*. This argument is also without merit. Plaintiff contends that by allowing CSX to argue its compliance with the CFR regulations at issue, the Court somehow limited Plaintiff to a negligence *per se* claim. This is simply not accurate. The Court did not instruct the jury on negligence per se, nor did it instruct the jury that compliance with the CFR regulations would absolve CSX from any liability for negligence in the maintenance of the

switch. CSX was perfectly within its rights to argue that it was in compliance with the regulations and that the CFR requirements were all that were reasonably necessary to ensure the safety of its workers. Plaintiff also had every right to argue that a higher level of attention was necessary to avoid liability for negligence. It was up to the jury to determine whether the actions taken by the Defendant, within or beyond the realm of the CFR requirements, were sufficient to constitute a reasonable level of protection for its workers. Both parties had every opportunity to make their case to the jury, and the ultimate determination of what was a reasonable level of care is a question for the jury to decide. The jury decided in favor of the Defendant.

Plaintiff's final argument for a new trial is based on his belief that the Court erred in precluding any claim for lost wages. This argument is irrelevant under the circumstances because the decision only impacted what damages would be available to the Plaintiff if the jury found in his favor. As the jury found in favor of the Defendant on the issue of liability, any rulings or instructions on damages, whether correct or in error, are irrelevant to the final verdict. *See, e.g., Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 901 (6th Cir. 2004)(holding that exclusion of evidence relating to damages constitutes harmless error when the jury fails to reach the issue of damages in its verdict).

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for New Trial is, hereby, DENIED.

IT IS SO ORDERED

DONALD C. NUGENT
United States District Judge

DATED: February 20, 2009

-6-